UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF, )<br>                                         )<br>                    Plaintiff,   )<br>                                         )<br>vs.                                    )<br>                                         )<br>INTERNAL REVENUE SERVICE, et al., )<br>                                         )<br>                    Defendant.  )<br>_____) | Case No. 2:06-cv-00748-RCJ-PAL<br><br>**ORDER**<br><br>(M/Court Order for Lis Pendens - #34)<br>(M/Service - #35)<br>(M/Seal - #43)<br>(M/Contempt of Court - #44)<br>(M/Add Additional Defendants - #47) |

This matter is before the court on a series of motions filed by the plaintiff. The plaintiff filed his Motion Court Order for Lis Pendis [sic] (#34) on November 21, 2006. The plaintiff filed his Request US Marshal Serve All Required by Local Rules (#35) on November 27, 2006. The plaintiff filed his Motion for the Court Seal Discoveries Made by Plaintiff by Accident (#43) on December 12, 2006. That motion is supported by the plaintiff's Summary of Facts in Support of Sealing Motions (#45), filed December 15, 2006. The plaintiff filed his Motion for Entry of Contempt of Court Against Jiminez w/Default Judgment by Court is Justice (#44) on December 13, 2006. The plaintiff filed his Motion to Add Additional Defendants (#47) on December 15, 2006. No responses were filed to any of these motions and the time to do so has expired. Also before the court are defendant Internal Revenue Service's ("IRS") United States' Response to Application for District Court Clerk to Enter Default (#22), filed October 27, 2006; and defendant Fernando Jimenez's Response to Application by Plaintiff Keith Hoff for Entry of Default (#31), filed November 17, 2006.

Plaintiff is proceeding in this action *pro se*, and received permission to proceed *in forma pauperis* on June 28, 2006. (See Order, #2.) This is an action for recovery of overpayment of taxes to the IRS.

/ / /

**I.     Service of Process and the Clerk's Default**

The plaintiff's motions for Service (#35) and Contempt of Court (#44) when read together make clear that the plaintiff's primary concern is with the service of process in his case. The Clerk of the Court misdocketed the returned summons in this case, which has lead to much confusion over which defendants have and have not been served. Therefore, in the course of considering the plaintiff's motions, the court will attempt to rectify the problems the misdocketing has caused.

To do so, the court will begin by recounting the procedural history of this case. The plaintiff filed a motion for leave to proceed *in forma pauperis* and attached complaint (#1) on June 19, 2006. The court granted the plaintiff's application to proceed *in forma pauperis*, screened his complaint, and ordered the Clerk of the Court to docket the complaint on June 28, 2006. (See Order, #2.) In that same Order (#2), the court also ordered the Clerk of the Court to issue Summons to the named defendants, and to deliver the same to the U.S. Marshal for service.

Summons were returned unexecuted as to Fernando Jiminez ("Jiminez") (#11) and Lois Hoff (#12) on August 30, 2006. The Clerk of the Court docketed these summons as executed, rather than unexecuted. Summons was returned for W. Darryl Fry ("Fry") (#13) unexecuted on September 21, 2006. The Clerk of the Court docketed this summons as executed, rather than unexecuted. Summons were returned executed for Alberto R. Gonzales ("Gonzales") (#14) and Patrick E. Marshall ("Marshall") (#15) on September 21, 2006. These two summons returns were correctly docketed. It does not appear that summons were served upon Daniel G. Bogden ("Bogden"). A copy of the Summons is docketed as #40 and bears a stamp that appears to read that the U.S. Marshal refused to serve it because 120 days had passed, although the stamp is largely unreadable.

Marshall filed an Answer (#16) and Motion to Dismiss (#17) on September 21, 2006. The plaintiff filed a Motion for Entry of Clerk's Default (#18) against the IRS, Marshall, Fry, Jiminez and Lois Hoff on September 22, 2006. A Clerk's Default (#21) was entered against Jiminez, Fry and Lois Hoff on October 24, 2006, despite none of these defendants having been served with summons and a copy of the complaint. The IRS filed a Response (#22) on October 27, 2006 in opposition to the Motion for Entry of Clerk's Default (#18) indicating that it did not believe it had been properly served, and therefore opposed the entry of a default against it. The Clerk's Default (#18) entered on October 23,

1  2006 did not include the IRS. Jiminez filed an Objection (#31) on November 17, 2006 indicating that he
2  had never been served and had only learned of the Clerk's Default from defendant Marshall. He stated
3  that he would not voluntarily accept service or acknowledge the jurisdiction of this court. The plaintiff
4  filed a Response (#39) to the Objection on December 4, 2006.
5       On November 27, 2006, the plaintiff filed his Motion for Service (#35) in which he requested the
6  U.S. Marshal serve defendants Marshall and Jiminez. This motion is now pending before the court. On
7  November 30, 2006, the plaintiff filed an Amended Complaint (#37) against Marshall, Jiminez and the
8  IRS. On December 11, 2006, the district judge dismissed the case against Marshall for lack of
9  jurisdiction. (See Minutes, #42.) As the case has been dismissed against defendant Marshall, the court
10 will only consider the plaintiff's motion to serve with respect to defendant Jiminez.
11      Rule 4(m) of the Federal Rules of Civil Procedure provides that:
12           If service of the summons and complaint is not made upon a defendant
13           within 120 days after the filing of the complaint, the court, upon motion or
14           on its own initiative after notice to the plaintiff, shall dismiss the action
15           without prejudice as to that defendant or direct that service be effected
16           within a specified time; provided that if the plaintiff shows good cause for
17           the failure, the court shall extend the time for service for an appropriate
18           period.
19      The court's docket reflects that the plaintiff provided the U.S. Marshal with a copy of the
20 USM-285 form for Jiminez. However, a sufficient address was not provided. The U.S. Marshal found
21 no record that he was a real estate broker and that the street provided did not exist. The U.S. Marshal
22 was therefore not able to effect service. Jiminez also stated in his Objection that he was not served and
23 only learned of this case when he was contacted by Marshall. The court's docket admittedly indicates
24 that the summons return was misdocketed by the Clerk of the Court to reflect that Jiminez was served,
25 but the plaintiff was served with a copy of the USM-285 form which clearly indicates that Jiminez was
26 not served. Although the plaintiff has attempted to have the U.S. Marshal re-attempt service on Jiminez
27 through the filing of his Motion for Service (#35), his motion comes long after the 120 days Rule 4(m)
28 allows for service have expired, and nearly three months after he filed a copy of the USM-285 form with

-3-

the court that clearly indicates that the U.S. Marshal was unable to serve Jiminez. Accordingly, the court will deny the plaintiff's request to re-attempt service upon Jiminez.

The plaintiff additionally requested the court hold Jiminez in contempt and enter a default judgment against him in the amount of $12,119,000.00 plus 10% interest for his failure to respond to the complaint. Jiminez was under no obligation to respond to the complaint as he was not served with summons and the complaint. Plaintiff's motion to hold Jiminez in contempt, and to enter default judgment against him, is therefore denied.

By contrast, Rule 4(i)(3) provides that when service is unsuccessful upon the United States, its agencies, corporations, officers, or employees, the "court *shall* allow a reasonable time to serve process under Rule 4(i) for the purpose of curing the failure to serve." Fed. R.Civ. P. 4(i)(3) (emphasis added). The court's docket reflects that U.S. Attorney General Gonzales was served, but that service was not effected upon U.S. Attorney Bogden or the IRS. Therefore, the court will allow the plaintiff an additional 60 days to complete service of the summons and complaint upon U.S. Attorney Bogden and the IRS pursuant to the provisions of Rule 4(i). Plaintiff should carefully read the instructions provided with the USM-285 form and comply with them.

Rule 55(c) provides that for "good cause shown the court may set aside an entry of default . . .." In his Objection (#31), Jiminez states that he was never served with summons and complaint in this case, and only learned of the case and the Clerk's Default from speaking with defendant Marshall. The summons return docketed on August 30, 2006 also reflects that the U.S. Marshal was unable to serve Jiminez, although the Clerk of the Court misdocketed it to reflect the opposite. The same is true for defendants Lois Hoff and W. Darryl Fry whose summons returns clearly indicate they were not served, but the Clerk of the Court docketed those returns to indicate that these defendants were served. The Clerk's Default (#21) indicates that it was entered because these three defendants were served and failed to answer within the time provided by the Federal Rules of Civil Procedure. The court's record does not reflect that these defendants were served, but instead that they were not served. Based upon this error, the court finds that good cause exists to set aside the Clerk's Default against Fernando Jiminez, W. Darryl Fry, and Lois Hoff.

///

**II.     Motion for Lis Pendens**

The relief the plaintiff seeks in his motion is not entirely clear, but he appears to be attempting to file a lis pendens with respect to a piece of property in San Benito County, California which he alleges was taken by fraud by Jiminez.

Nevada Revised Statute ("NRS") 14.010(1) provides that

> In an action for the foreclosure of a mortgage upon real property, or affecting the title or possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, if affirmative relief is claimed in the answer, shall record with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action and a description of the property in that county affected thereby, and the defendant shall also in the notice state the nature and extent of the relief claimed in the answer.

NRS 14.010(2) applies these same rules to actions pending in the United States District Court for the District of Nevada. The purpose of a lis pendens is to give "constructive notice to a purchaser or encumbrancer of the property affected thereby that the title to the property is disputed." Coury v. Tran, 895 P.2d 650, 652 (Nev. 1995).

NRS 14.010 does not provide a procedure for applying a court order for a lis pendens. Additionally, NRS 14.010 requires the plaintiff to "record with the recorder of the county in which the property, or some part thereof, is situated, a notice of the pendency of the action" at the time of the filing of the complaint. The complaint in this matter was filed on July 6, 2006, which is well over four months prior to the filing of the instant motion. The plaintiff's motion for a court order for a lis pendens is therefore denied.

**III.    Motion to Seal**

The plaintiff's motion indicates that he has made "bone chilling discoveries" and that the information in his attached filing "may be so serious it could put the plaintiff in harms way if made public." Attached to this motion are a two-page document entitled "Discoveries Made by Accident"

marked "Not for Public View," two copies of the docket sheet for the plaintiff's case with a few handwritten notes, and a copy of a summons return from this case.

In the Ninth Circuit there is "strong presumption in favor of access to court records." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003).

> A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. . . . That is, the party must articulate[ ] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process.

Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). The plaintiff argues that the documents attached to his motion contain "bone chilling discoveries" the disclosure of which could cause him harm. From reviewing the attached documents, it is not entirely clear why the plaintiff believes that the disclosure of these documents could cause him harm, and furthermore why he filed these documents with the court in the first place if he was so concerned about the disclosure of their contents. The documents mostly contain the same kinds of allegations found throughout the plaintiff's other filings with the court in this case. As a result, the court finds that the plaintiff has not overcome the strong presumption in favor of access to court records by demonstrating a compelling reason for sealing the documents attached to his motion. Accordingly, the court will deny his motion to seal.

**IV.    Motion to Add Defendants**

The plaintiff has twice attempted to amend his complaint. First, on November 30, 2006, the plaintiff filed an Amended Complaint (#37) against Marshall, Jiminez, and the IRS. Second, on December 15, 2006, the plaintiff filed the instant Motion to Add Defendants (#47), which contains a list and description of the defendants named in his original complaint, as well as several additional defendants. No amended complaint was attached to the motion.

Federal Rule of Civil Procedure 15(a) provides that a "party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served." Once a responsive pleading is

filed, however, Rule 15(a) requires that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party." In addition, Local Rule 15-1 requires the moving party to attach the proposed amended pleading to the motion for leave to amend so that the court may review the propriety of the proposed amendment and any opposing party may file an opposition. Finally, the local rule requires the amended pleading to be complete in itself without reference to the prior pleading. L.R. 15-1(a).

On September 21, 2006, defendant Marshall filed an Answer (#16) to the complaint. An answer is a responsive pleading. Therefore, the plaintiff was required file a motion for leave to amend.

Finally, the plaintiff may not add defendants without moving to amend his complaint and receiving leave of court after filing an appropriate motion which attaches a proposed amended complaint pursuant to L.R. 15-1(a). Therefore, the plaintiff's motion will be denied.

Accordingly,

**IT IS ORDERED** that:

1. The plaintiff's Motion Court Order for Lis Pendis [sic] (#34) is DENIED.
2. The plaintiff's Request US Marshal Serve All Required by Local Rules (#35) is GRANTED in part, and DENIED in part, in accordance with the following:
    a. The plaintiff shall have an additional 60 days from the date of this order to serve summons and a copy of the complaint upon defendants Internal Revenue Service and U.S. Attorney Daniel Bogden.
    b. The motion is denied in all other respects
3. The plaintiff's Motion for the Court Seal Discoveries Made by Plaintiff by Accident (#43) is DENIED.
4. The plaintiff's Motion for Entry of Contempt of Court Against Jiminez w/Default Judgment by Court is Justice (#44) is DENIED.
5. The plaintiff's Motion to Add Additional Defendants (#47) is DENIED.

/ / /

/ / /

/ / /

6. The Clerk's Entry of Default (#21) is SET ASIDE pursuant to Fed. R. Civ. P. 55(c).

Dated this 11th day of January, 2007.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE