# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF, ) | |
| ) | 2:06-CV-0748-RCJ-PAL |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| INTERNAL REVENUE SERVICE, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on Defendant Patrick E. Marshall's ("Marshall") Motion to Dismiss. (#17.) The Court has considered the motions, the pleadings on file, and oral argument on behalf of all parties. As discussed below, the Court grants Marshall's Motion to Dismiss.

## BACKGROUND

Plaintiff Keith Hoff ("Plaintiff") has filed a lawsuit against several Defendants pursuant to 42 U.S.C. § 1983. Defendant Marshall asks the Court to dismiss Plaintiff's claims against him. Plaintiff alleges that Marshall violated his civil rights by "unlawfully taking funds owed to Plaintiff through fraud, collusion, concealment, [and] violating court order of state judge." (#8 at 2.) Marshall has filed his Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1), (2), (3), and (6). In the alternative, Marshall asks the Court to grant his Motion for More Definite Statement pursuant to Rule 12(e).

Plaintiff is Marshall's former client. In 1990, Marshall represented Plaintiff in litigation regarding land located in San Benito County, California (the "Benito Property"). Plaintiff owned the Benito Property, but his ownership was subject to at least five prior notes secured by deeds of trust. Due to Plaintiff's failure to make payments, the note holders sought to foreclose on the Benito Property. Plaintiff subsequently quitclaimed his interest in the property to his mother, who is also a Defendant in this case. Plaintiff's mother arranged to sell the property to two individuals who are also currently Defendants. The purchasers formed Sungate Land & Development, Inc. ("Sungate") to facilitate the land purchase. Sungate then purchased the property. Plaintiff's mother later quitclaimed the property back to Plaintiff. At some point, Sungate failed to make the required payments on the property, and Plaintiff commenced foreclosure proceedings against Sungate. Sungate responded by filing suit against Plaintiff in the Superior Court, Santa Clara County, California.

Plaintiff hired Marshall to represent him in the Santa Clara proceedings. The case was later removed to the U.S. Bankruptcy Court, Northern District of California when Sungate declared bankruptcy during the state-court litigation. U.S. Bankruptcy Judge James R. Grube took the matter under submission and later released a decision. While the case was under submission, Fernando Jimenez, who had previously loaned Plaintiff $550,000, foreclosed on the Benito Property. Judge Grube later ruled in Plaintiff's favor as against Sungate, but also ruled that Jimenez had properly foreclosed and obtained title to the Benito Property. Since that ruling, Plaintiff has repeatedly filed actions against Marshall, which have all been dismissed. In addition, Plaintiff has also repeatedly harassed Marshall and even threatened to kill Marshall if he did not get his property back. At one point, Plaintiff was

ordered not to have any contact with Marshall.

Plaintiff now files this suit alleging that Marshall violated his civil rights by colluding with others to steal the Benito Property. Plaintiff also asks the Court to award him back taxes, attorney's fees, and $10,000,000 in money that Marshall allegedly stole. Defendant Marshall now moves this Court to dismiss Plaintiff's claims because the Court lacks jurisdiction, the District of Nevada is not the proper venue, and Plaintiff has failed to state a claim upon which relief may be granted.

## DISCUSSION

### I. Subject Matter Jurisdiction

Plaintiff brings his action pursuant to 42 U.S.C. § 1983.[1] Thus, although Plaintiff may fail to state a valid claim, he does allege that his constitutional rights have been violated. Although Marshall argues that the Court must dismiss Plaintiff's claim for lack of subject matter jurisdiction, the Court may exercise subject matter jurisdiction in this case. Nevertheless, as analyzed below, the Court lacks personal jurisdiction over Marshall, and the District of Nevada is not the proper venue.

### II. Personal Jurisdiction

"Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004). "Although the plaintiff cannot simply rest on the bare allegations of the complaint, uncontroverted

---

[1] Plaintiff represents himself *pro se* in these proceedings. Because Plaintiff filed his motion *pro se*, the Court liberally construes the motion and holds it to a less stringent standard than the Court would otherwise view formal pleadings submitted by an attorney. *See Haynes v. Keener*, 404 U.S. 519, 520-21 (1972).

allegations in the complaint must be taken as true." *Id.* (internal quotations omitted). "For a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have at least 'minimum contacts' with the relevant forum such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantive justice.'" *Id.* (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Since Nevada's long arm jurisdictional statute "is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger*, 374 F.3d at 800-01; *see also* Nev. Rev. Stat. § 14.065 (West 2006). The Ninth Circuit has held that for purposes of determining minimum contacts, "courts must examine the defendant's contacts with the forum at the time of the events underlying the dispute." *Steel v. United States*, 813 F.2d 1545, 1549 (9th Cir. 1987). A court can exercise personal jurisdiction over a defendant either through general or specific jurisdiction.

**A.     General Jurisdiction**

General jurisdiction is appropriate when a defendant engages in continuous and systematic general contacts that "approximate physical presence in the forum state," even if the underlying cause of action is unrelated to those general activities. *Schwarzenegger*, 374 F.3d at 801; *Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 416 (1984). Furthermore, the level of contacts with a forum state necessary to establish general jurisdiction is "quite high." *Shute v. Carnival Cruise Lines*, 897 F.2d 377, 380 (9th Cir. 1990).

Although Marshall resided in Las Vegas from approximately September 1969 to January 1971 while attending UNLV as a graduate student, he has not resided in, or had any

connection with, Nevada since that time. Marshall has resided and worked in California since graduating from UNLV. The record does not indicate that Marshall ever represented clients or worked in Nevada. Two years in Nevada as a student over thirty years ago hardly constitutes the continuous and systematic general contacts that the Supreme Court has envisioned. Given the clear lack of "substantial, continuous, and systematic" contacts between Marshall and Nevada, this Court lacks general jurisdiction over Marshall.

### B. Specific Jurisdiction

If a court lacks general jurisdiction over a defendant, it can still hear the case if specific jurisdiction applies. The Ninth Circuit utilizes a three prong test for analyzing a claim of specific jurisdiction: (1) whether the defendant purposefully availed itself of the "privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws"; (2) whether the claim "arises out of or relates to defendant's forum-related activities"; and (3) whether the exercise of jurisdiction comports "with fair play and substantive justice, i.e., whether it is reasonable." *Schwarzenegger*, 374 F.3d at 802. After applying this test to Marshall, the Court determines that it lacks specific jurisdiction in this matter.

####    1.    Purposeful Availment

Marshall has not purposefully availed himself "of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." Although Plaintiff did attend UNLV over thirty years ago, he has not had a connection with Nevada since. In addition, Plaintiff's principal allegations relate to a real estate deal and trial that occurred in California. Plaintiff has not alleged that those events had any nexus with Nevada.

####  2. Arising out of or Relating to Defendant's Forum-Related Activities

"The claim . . . must be one that arises out of or results from the defendant's forum-related activities." *Steel*, 813 F.3d at 1551.  Plaintiff's only allegations as they pertain to Marshall relate to activity that occurred in California; thus, Plaintiff has failed to meet this requirement.

####  3. Fair Play and Substantive Justice

Finally, jurisdiction over Marshall in Nevada would not comport with fair play and substantive justice.  Plaintiff does not make any allegations linking Marshall with Nevada, and Marshall would not have reasonably anticipated being brought before a Nevada court for his actions in the present matter.

Marshall has not purposefully availed himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.  Further, Plaintiff's allegations all relate to activity in California.  Accordingly, this Court does not have specific jurisdiction over Marshall, and to exercise such jurisdiction would not comport with fair play and substantive justice.

**III. Venue**

Because this Court lacks personal jurisdiction over Marshall, it need not analyze whether venue is proper.  Nevertheless, the Court briefly analyzes Marshall's venue arguments.  As noted above, Plaintiff alleges that Marshall and others violated his constitutional rights; thus, Plaintiff argues that this Court may exercise federal question jurisdiction.  The applicable venue statute is 28 U.S.C. § 1391(b).  Section 1391(b) provides

that venue in a civil action "wherein jurisdiction is not founded solely on diversity of citizenship" is proper in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).  As analyzed below, venue in the District of Nevada is improper.

### A. Venue Under § 1391(b)(1)

As noted above, § 1391(b)(1) provides that venue is proper in a judicial district "where any defendant resides, *if* all defendants reside in the same state."  § 1391(b)(1) (emphasis added).  In this case, all Defendants do not reside in the same state.  Accordingly, section 1391(b)(1) does not apply, and the Court cannot maintain venue under this provision.

### B. Venue Under § 1391(b)(2)

Venue is proper under § 1391(b)(2) in a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated . . . ."  § 1391(b)(2).  All events related to this matter occurred in California, and the property subject to this action is also located in California.  Therefore, Nevada is not the proper venue under section 1391(b)(2).

### C. Venue Under § 1391(b)(3)

The remaining venue provision under section 1391(b) indicates that venue is proper in a district in "which any defendant may be found, if there is no district in which the action may otherwise be brought."  § 1391(b)(3).  In his Complaint, Plaintiff states that at least one Defendant to this action resides in Nevada.  However, there is a district "wherein [this] action

may otherwise be brought." § 1391(b)(3). As discussed above, Plaintiff's claims center around property located in California. Furthermore, the alleged constitutional violations all occurred in California. Accordingly, if a court were to entertain Plaintiff's claims, California would be the proper venue under § 1391(b)(3).

### D.   Venue Under § 1391(e)

Arguably, Plaintiff also implies that Nevada is the proper venue pursuant to § 1391(e) because the Internal Revenue Service ("IRS") is a Defendant in this action. Section 1391(e) states the following:

> (e) A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. Additional persons may be joined as parties to any such action in accordance with the Federal Rules of Civil Procedure and with such other venue requirements as would be applicable if the United States or one of its officers, employees, or agencies were not a party.

Plaintiff claims that the IRS resides in Nevada. Because the IRS is a government agency, § 1391(e)(1) appears to indicate that Plaintiff may file his action in any forum wherein the IRS resides. Plaintiff argues that the IRS resides in Nevada. Assuming Plaintiff's allegation is true, § 1391(e) allows Plaintiff to file his action in this forum. However, § 1391(e) states that to bring other defendants into the forum in which the government agency resides, a plaintiff must comply with the normal joinder rules as to other defendants. Plaintiff has not demonstrated to this Court that he has done such. Moreover, even if he could, as analyzed above, this Court lacks personal jurisdiction over Marshall.

Plaintiff's only argument that the District of Nevada is the proper venue is based on a paranoid belief that the federal and state courts in California have conspired to deprive him of his property. Plaintiff states that this Court has "no prejudice against [him]," and that he "will never go to California again" because "the lawyers in California have destroyed the Civil and Criminal Justice System in the Northern District of California." (#35 at 2-3.) Plaintiff further states that this Court "is squeaky clean," and that because of this Court's "cleanliness," he "will not leave it period." (*Id.*) Because the District of Nevada is not the proper venue, the Court grants Defendant Marshall's request to dismiss based on improper venue.

### IV. Failure to State a Claim

Marshall also asks this Court to dismiss him from this action because Plaintiff has failed to state a claim against Marshall for which this court may grant relief. Because this Court lacks personal jurisdiction over Marshall and venue is improper, the Court does not address the merits or rule on Marshall's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

**CONCLUSION**

This Court lacks personal jurisdiction over Marshall. Furthermore, even if the Court could entertain jurisdiction over Marshall, venue in the District of Nevada is improper. Accordingly, IT IS HEREBY ORDERED that Defendant Marshall's Motion to Dismiss is *granted*. IT IS ALSO HEREBY ORDERED that Defendant Marshall's Motion for More Definite Statement is *dismissed as moot*.

DATED: January 24, 2007.

                                                                          _____
                                                                          ROBERT C. JONES
                                                                          UNITED STATES DISTRICT JUDGE