# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KEITH HOFF, | |
| Plaintiff, | 2:06-CV-0748-RCJ-PAL |
| vs. | **ORDER** |
| INTERNAL REVENUE SERVICE, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Internal Revenue Service's Motion to Dismiss. (#56.) The Court has considered the Motion, the pleadings on file, and oral argument on behalf of all parties and issues the following Order.

## BACKGROUND

On July 6, 2006, Plaintiff Keith Hoff ("Plaintiff") filed a lawsuit against several defendants pursuant to 42 U.S.C. § 1983. The Court has already dismissed this case as to various named Defendants based on lack of jurisdiction and improper venue. The Internal Revenue Service ("IRS"), one of the named Defendants, now asks the Court to dismiss them from this action for lack of subject matter jurisdiction.

Plaintiff sued the IRS and Plaintiff's former counsel, Patrick Marshall ("Marshall"), as well as numerous other Defendants in connection with an alleged conspiracy to defraud Plaintiff out of his property. The Court dismissed Marshall from this case for lack of jurisdiction and improper venue. In 1990, Marshall represented Plaintiff in litigation regarding land located in San Benito County, California (the "Benito Property"). Plaintiff owned the Benito Property, but

his ownership was subject to at least five prior notes secured by deeds of trust. Due to Plaintiff's failure to make payments, the note holders sought to foreclose on the Benito Property. Plaintiff subsequently quitclaimed his interest in the property to his mother (also a Defendant in this case). Plaintiff's mother arranged to sell the property to two individuals who are also Defendants in this case. The purchasers formed Sungate Land & Development, Inc. ("Sungate"). Sungate then purchased the property. Plaintiff's mother later quitclaimed the property back to Plaintiff. At some point, Sungate failed to make the required payments on the property, and Plaintiff commenced foreclosure proceedings against Sungate. Sungate responded by filing suit against Plaintiff in the Superior Court, Santa Clara County.

Plaintiff hired Marshall to represent him in the Santa Clara proceedings. The case was later removed to the U.S. Bankruptcy Court, Northern District of California, when Sungate declared bankruptcy during the state-court litigation. U.S. Bankruptcy Judge James R. Grube took the matter under submission and later gave a decision. While the case was under submission, Fernando Jimenez, who had previously loaned Plaintiff $550,000, foreclosed on the Benito Property. Judge Grube later ruled in Plaintiff's favor as against Sungate, but also ruled that Jimenez had properly foreclosed and obtained title to the Benito Property.

Plaintiff alleges the IRS withheld refunds and colluded with the Defendants mentioned above in defrauding Plaintiff of the San Benito property. According to Plaintiff, he overpaid taxes in 1986-1988, presumably by including sale and/or interest income on his tax returns, because he was unaware of the alleged fraudulent activities undertaken by the various Defendants in this case. Plaintiff made his final payments for these returns on February 28, 1990, February 20, 1990, and March 12, 1990, respectively. Plaintiff later filed amended returns in October, 2003 for the tax years 1986-1988. The IRS asks the Court to dismiss it from this case because Plaintiff failed to comply with the statutory requirements for filing an amended return, and thus the Court lacks jurisdiction.

**DISCUSSION**

**I.     Subject Matter Jurisdiction**

Federal district courts have subject matter jurisdiction over suits against the United States "for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected." 28 U.S.C. § 1346(a)(1). However, the Court must read this general grant of jurisdiction to incorporate the requirements of 26 U.S.C. §§ 7422(a) and 6511(a). *See United States v. Dalm*, 494 U.S. 596, 601-02 (1990). To bring an action for a tax refund in federal district court, a taxpayer must first timely file an administrative claim with the IRS. *See* § 7422(a). A taxpayer's failure to file an administrative claim within the time periods imposed by § 6511 divests a district court of subject matter jurisdiction over the tax refund action. *Dalm*, 494 U.S. at 601-02; *Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir.1996) (affirming dismissal for lack of subject matter jurisdiction where the taxpayer failed to file a timely administrative tax refund claim under § 6511); *Zeier v. United States*, 80 F.3d 1360, 1363 (9th Cir. 1996) ("'[T]imely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit.'") (quoting *Comm'r v. Lundy*, 516 U.S. 235, 240 (1996)).

To be "timely," an administrative claim must be filed in accordance with two separate and distinct provisions of § 6511. The first provision establishes a "filing deadline": The taxpayer must file a claim for a refund "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires later." § 6511(b)(1) (incorporating by reference § 6511(a)). The second provision defines two "look-back periods": If the claim is filed "within 3 years from the time the return was filed," then the taxpayer is entitled to a refund of "the portion of the tax paid within the 3 years immediately preceding the filing of the claim." § 6511(b)(2)(A) (incorporating by reference § 6511(a)). If the claim is not filed within that 3-year period, then the taxpayer is entitled to a refund of only that "portion of the tax paid during the 2 years immediately preceding the filing of the claim." § 6511(b)(2)(B)

(incorporating by reference § 6511(a)). Because the "timely filing of a refund claim [is] a jurisdictional prerequisite to bringing suit," *Lundy*, 516 U.S. at 240, Plaintiff must satisfy both the filing deadline and applicable "look-back" period of § 6511 to demonstrate a waiver of sovereign immunity by the United States. *Omohundro v. United States*, 300 F.3d 1065, 1067-69 (9th Cir. 2002).

Plaintiff failed to timely file his claim because he filed his amended returns in 2003—more than three years from the time the original returns were filed, and more than two years from the time the tax was paid. Further, he does not qualify for the "look-back periods" because he paid the taxes in dispute outside the applicable "look-back periods." Thus, this Court lacks subject matter jurisdiction. *Imperial Plan, Inc. v. United States,* 95 F.3d 25, 26 (9th Cir.1996) (affirming dismissal for lack of subject matter jurisdiction where the taxpayer failed to file a timely administrative tax refund claim under § 6511).

Although not clearly stated in his Opposition, Plaintiff asks the Court to "toll" the applicable limitations for equitable reasons. However, § 6511 is not subject to equitable exceptions. *See United States v. Brockamp*, 519 U.S. 347, 354 (1997) ("Congress did not intend courts to read other unmentioned, open-ended, 'equitable' exceptions into the statute that it wrote."); *see also Socop-Gonzalez v. INS*, 272 F.3d 1176 (9th Cir. 2001) ("If a time limit is jurisdictional, it is not subject to the defenses of waiver, equitable tolling or equitable estoppel . . . ."). Accordingly, the Court grants the IRS's Motion to Dismiss for lack of subject matter jurisdiction.

. . .

. . .

**CONCLUSION**

This Court lacks subject matter jurisdiction in Plaintiff's suit against the IRS. Accordingly, IT IS HEREBY ORDERED that Defendant IRS's Motion to Dismiss is *granted*.

DATED: August 20, 2007.

_____
ROBERT C. JONES
UNITED STATES DISTRICT JUDGE